**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4798

LARRY LUCAS, a/k/a Larry J. Barnes,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-96-166-A)

Submitted: April 22, 1997

Decided: May 14, 1997

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph S. Lazarsky, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Dennis M. Kennedy, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Lucas appeals the jury's verdict of guilty for the offenses of conspiracy to escape from the Lorton Correctional Facility in violation of 18 U.S.C. § 371 (1994), and of attempted escape in violation of 18 U.S.C. § 751(a) (1994). He challenges the sufficiency of the evidence and the trial court's refusal to instruct the jury on specific intent. We affirm.

We find the evidence to be more than sufficient to support Lucas's convictions and discern no error in the district court's denial of Lucas's motion for judgment of acquittal. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (providing standard). The government's evidence allowed the jury to find that Lucas and another inmate, Goodman, planned their escape attempt and successfully traversed one fence before being stymied by a wall and being discovered. The alleged defects in the government's case raised by Lucas either are based on minor details not relevant to his guilt or attack the credibility of the witnesses which is a jury question. See United States v. Burgos, 94 F.3d 849, 868 (4th Cir. 1996) (in banc), cert. denied, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868).

Lucas next argues that the trial court erred in denying his request to instruct the jury that the government must prove his specific intent to join the conspiracy. In this circuit, the government must prove that he "willingly and knowingly" became part of the conspiracy. See United States v. Whittington, 26 F.3d 456, 465 (4th Cir. 1994). As long as the instruction given substantially covered this element, there is no reversible error. See United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995). The court instructed the jury that a conspiracy is an agreement or mutual understanding "knowingly made or knowingly entered into" by at least two people. It also instructed the jury that the government had to prove that Lucas and another person "knowingly and deliberately" arrived at some type of agreement. These instructions were sufficient. To the extent that Lucas challenges the sufficiency of the court's instruction on the attempted escape offense, we find that instruction to be sufficient also. See United States v. Bailey, 444 U.S. 394, 405-08 (1980).

2

We affirm Lucas's convictions and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3